IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:12-cv-00335

**DENISE PAYNE, Individually, and NATIONAL** :
**ALLIANCE FOR ACCESSIBILITY, INC., a** :
Florida not for profit corporation, :
:
    **Plaintiffs,** :
:     **COMPLAINT**
**v.** : (Injunctive Relief Demanded)
:
**BRENNAN STATION 1671, LP, a Domestic** :
**Limited Partnership,** :
:
    **Defendant.** :
_____/ :

    Plaintiffs, DENISE PAYNE, Individually and NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non Profit Corporation, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, BRENNAN STATION 1671, LP, a Domestic Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a non-profit corporation formed under the laws of the State of Florida ("NAA"). NAA maintains its principal office at 1501 NE 12 ST. FORT LAUDERDALE FL 33304, in the County of Broward.

2. Defendant's property, Brennan Station, 8111 Creedmoor Rd., Raleigh, NC 27613-4389, is located in the County of Wake.

3. Venue is properly located in the EASTERN DISTRICT OF NORTH CAROLINA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff DENISE PAYNE is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. DENISE PAYNE has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, NAA, discussed below.

6. Plaintiff Denise Payne has traveled to North Carolina eleven times in recent years to visit and meet with business associates and friends. Plaintiff Denise Payne founded NAA, which is working to increase its membership and establish local chapters throughout the United States. At the present time, NAA is in the process of starting local chapters in Raleigh, Asheville, Fayetteville and Wilmington, North Carolina. Three members of NAA are North Carolina residents.

7. Plaintiff Denise Payne visited the Raleigh area in June of 2010. At that time, Ms. Payne was in North Carolina to meet with business contacts related to her position with NAA. During this trip, Plaintiff Denise Payne met with Janice Willmott of Disability Rights of

North Carolina to discuss the mission and activities of the respective organization and how they might work together on mutual projects. Plaintiff Denise Payne and Ms. Willmott also spoke about establishing a local chapter of NAA. Ms. Willmott invited Plaintiff Denise Payne back to attend a cross disability forum with other non-profits of similar interests.

8. Plaintiff Denise Payne also visited North Carolina in July of 2010. At that time, Ms. Payne was in the Greensboro area on her way back to Florida after attending a annual church retreat in Virginia. For approximately a week in mid July, 2010 Plaintiff Denise Payne attended the annual SUUSI retreat of her church which was held in Radford, Virginia. After the retreat, traveled through North Carolina, including Winston-Salem, High Point, Greensboro and Raleigh, and stopped in various locations to meet with business contacts related to her position with NAA.

9. In October of 2010, Plaintiff Denise Payne made yet another trip to North Carolina. During this trip, she traveled to Asheville, North Carolina. Asheville is one of the places where NAA is working on setting up a local chapter. At this time, three residents of towns near Asheville, Pat McGinnis, Eddie Maney and Jennifer Chandler are members of NAA. This group is working to set up a local chapter. During her visit in October of 2010, Plaintiff Denise Payne met with this group to discuss the business of NAA.

10. In October of 2011, Plaintiff Denise Payne made yet another trip to North Carolina. For this trip, Plaintiff Payne flew in an out of RDU Airport in Raleigh. This airport is eleven (11) miles from Defendant's property. One purpose of the trip was to meet with representatives of People with Disabilities in Raleigh, North Carolina to discuss creating an advocacy class for her members and to enter into discussions for increasing the membership for NAA and to work on establishing local chapters in North Carolina for NAA.

11. During the above trip, on October 19, 2011, Plaintiff Denise Payne met with her attorney in Winston-Salem, North Carolina. After meeting with her attorney, Defendant traveled to Greensboro and eventually made her way to Fayetteville. At that time, Ms. Payne was in Fayetteville to meet with Jackie Blue and to discuss her potential involvement with NAA.

12. During this same trip, on October 22, 2011, Plaintiff Denise Payne traveled back to Raleigh and stayed at the Fairfield Inn at 2201 Summit Park Lane. The Fairfield Inn is five (5) miles from Defendant's property. Plaintiff Payne also traveled to Wilmington and met with Jennifer Overfield, Director of Advocacy for the Disability Resource Center, to discuss new membership and creating a local chapter of NAA in Wilmington.

13. Plaintiff Payne made yet another trip to North Carolina in late March, 2012. Plaintiff Payne again flew in and out of RDU Airport. During this trip, Plaintiff Payne met with her attorney in Winston-Salem on March 31, 2012. The next day, on April 1, 2012, Plaintiff Payne returned to the Raleigh area and visited the property which forms the basis of this lawsuit. A photograph from Plaintiff Payne's visit that day is attached hereto as Exhibit A. Plaintiff Payne visited Defendant's shopping center because it is convenient based on her travel patterns. During this visit, Plaintiff Payne encountered the architectural barriers described below. The evening of April 1, 2012, Plaintiff stayed at Wingate by Wyndham at 2610 Westinghouse Boulevard, Raleigh, NC. This hotel is ten (10) miles from Defendant's property.

14. Plaintiff Payne intends to visit North Carolina in the future. Specifically, Plaintiff Payne intends to return to North Carolina, and the Raleigh area, on June 21 to 23, 2012. During this visit, Plaintiff Payne will fly in and out of RDU Airport, which is eleven (11) miles from Defendant's property. During this visit, Plaintiff Denise Payne intends to visit places of

public accommodation in the vicinity of Raleigh, including Defendant's property. Plaintiff Payne intends to shop Defendant's shopping center on June 23, 2012. In the future, and specifically in September of 2012, Plaintiff Denise Payne also intends to continue her work with NAA, and to meet with business contacts throughout North Carolina, including working to establish a local chapter for her organization in Raleigh. At this time, she also intends to visit places of public accommodation in the vicinity of Raleigh, including Defendant's property.

15. Plaintiff NAA is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. NAA and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. NAA has also been discriminated against because of its association with its disabled members and their claims. Plaintiffs are deterred from, and are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiffs are aware that it may be a futile gesture to attempt to visit Defendant's property if they wish to do so free of discrimination.

16. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Brennan Station, 8111 Creedmoor Rd., Raleigh, NC 27613-4389.

17. NAA and DENISE PAYNE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. DENISE PAYNE desires to visit Brennan Station not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

19. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Brennan Station has shown that violations exist. These violations include, but are not limited to:

### Parking

1. There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4. Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG whose resolution is readily achievable.

5. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.


### Entrance Access and Path of Travel

1. There are no accessible routes from some of the parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

3. A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG whose resolution is readily available.

4. The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

5. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

6. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1. The facility does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

2. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

1. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

2. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

5. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

6. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

7. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

8. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

9. Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG whose resolution is readily achievable.

20. The discriminatory violations described herein are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

24. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Brennan Station to make those facilities readily accessible and useable to the Plaintiffs and all other persons

with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                                            Respectfully Submitted,

*/s/ Christopher D. Lane*                */s/ Thomas B. Bacon*
Christopher D. Lane                    Thomas B. Bacon

NC State Bar No.: 20302  
*Attorney for Plaintiffs*  
Thomas B. Bacon, P.A.  
3802-A Clemmons Rd.  
Clemmons, NC 27012  
Telephone: (336) 766-0229  
Facsimile: (336) 766-9145  
Email: cdllaw@juno.com

FL State Bar No.: 139262  
*Attorney for Plaintiffs*  
Thomas B. Bacon, P.A.  
4868 SW 103rd Ave.  
Cooper City, FL 33328  
Telephone: (954) 478-7811  
Facsimile: 954-237-1990  
Email: tbb@thomasbaconlaw.com